UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THOMAS B. JOHNSON, )
)
    Plaintiff, )
)
  vs. ) NO. 3:09-CV-0018
)
JOHN BOTICH, *et al.*, )
)
    Defendants. )

## OPINION AND ORDER

This matter is before the Court on the motion for leave to proceed *in forma pauperis* filed by Plaintiff Thomas Brian Johnson[1] on January 13, 2009. For the reasons set forth below, Plaintiff's *in forma pauperis* application is **DENIED**.

Johnson, a *pro se* prisoner confined at the St. Joseph County Jail, submitted a complaint without payment of the filing fee and seeks *in forma pauperis* status. A prisoner may not bring a civil action *in forma pauperis* if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes" provision. The records of the United States District Court for the

---

[1] The caption lists the plaintiff as Thomas B. Johnson, but on page one of his complaint he states that his full name is Thomas Brian Johnson.

Northern District of Indiana establish that the disposition of three case filed by Thomas Brian Johnson qualify as "strikes" within the meaning of §1915(g):

(1) 3:93-cv-652 RM, in which Thomas Brian Johnson was one of three plaintiffs, was dismissed on October 12, 1994, pursuant to Fed. R. Civ. P. 12(b) "for failure to state a claim" upon which relief can be granted. (DE #52 at p. 19);

(2) 3:96-cv-264 AS, in which Thomas Brian Johnson was denied *in forma pauperis* status and his complaint was dismissed on April 15, 1996, pursuant to 28 U.S.C. § 1915(d) because "the allegations fail to present an arguable claim for relief under § 1983." (DE #2); and

(3) 3:07-cv-273 TS, in which Thomas Brian Johnson's complaint was dismissed pursuant to 28 U.S.C. § 1915A on June 22, 2007. (DE #5)

An inmate with three or more "strikes" "can use the partial prepayment option in § 1915(b) only if in the future he 'is under imminent danger of serious physical injury.'" *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

Johnson alleges in his complaint that when he was booked into the St. Joseph County Jail in December 2008, he was placed in disciplinary segregation without a hearing and that when he is released from disciplinary segregation he expects to be placed in medical segregation because he has a bottom bunk pass and metal implants in his left ankle. (Complaint at p. 3). He complains that if he is placed in medical segregation he won't have the same rights and privileges as inmates in general population." (Complaint at pp. 3-4). Finally, he asserts that the jail has some racially segregated housing units, though he does not allege that the

disciplinary segregation and medical segregation units are racially segregated. (Complaint at p. 4). None of the complaint's allegations suggest that Johnson is under imminent danger of serious physical injury. Accordingly, Plaintiff's petition to proceed *in forma pauperis* is **DENIED**.

The plaintiff still may proceed with this case, but to do so he must pay the full amount of the filing fee. The court **AFFORDS** Plaintiff to and including April 3, 2009, within which to pay the $350.00 filing fee, and **ADVISES** Plaintiff that if he does not pay the filing fee by that date, this case will be dismissed without further notice without affecting his obligation to pay the filing fee.

**DATED: March 4, 2009**               /S/RUDY LOZANO, Judge
                                       **United States District Court**